UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| JACOB RYAN JOHNSON, | ) | CIV. 11-5100-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER OF DISMISSAL |
| | ) | |
| SHERIFF'S OFFICE; LUCAS HAMAR, Sheriff, Bennett County, South Dakota; BENNETT COUNTY COMMISSIONERS; LORI KALENDA, Jail Administrator, Winner City Jail; CITY OF MARTIN; CITY OFFICIALS, Mayor, et al. at Martin, South Dakota, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

On December 23, 2011, plaintiff Jacob Ryan Johnson, appearing *pro se* and proceeding *in forma pauperis*, filed a complaint against defendants pursuant to 42 U.S.C. § 1983, alleging various violations of his constitutional rights. (Docket 1). On October 15, 2012, defendants moved for summary judgment on Mr. Johnson's claims. (Dockets 54, 59). On October 17 and 19, 2012, defendants moved to dismiss Mr. Johnson's claims insomuch as they sought injunctive relief. (Dockets 69, 70). Mr. Johnson did not file a response to either the summary judgment motions or the motions to dismiss, although Fed. R. Civ. P. 56 and D.S.D. Civ. LR 56.1 and 7.1(B) required him to do so within twenty-one calendar days of service of defendants' motions.

On December 5, 2012, the court issued an order to Mr. Johnson to show cause why the summary judgment motions and motions to dismiss should not be entered in defendants' favor on the basis Mr. Johnson defaulted on the motions. (Docket 78). The order referred Mr. Johnson to the pertinent federal and local civil rules and provided the district court's website where the local rules could be found. Id. at p. 2. The court ordered Mr. Johnson to show cause no later than January 4, 2013. Id. Mr. Johnson did not file a response or otherwise comply with the show cause order.

Mr. Johnson's *pro se* status does not entitle him to disregard the Federal Rules of Civil Procedure. Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002). *Pro se* litigants also must comply with court rules and directives. Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005). However, Mr. Johnson's failure to respond to defendants' summary judgment motions and motions to dismiss "does not automatically compel resolution of [the motions] in favor of [defendants]."[1] United States v. One Parcel of Real Prop., 27 F.3d 327, 329 n.1 (8th Cir. 1994); see also Canada v. Union Elec. Co., 135 F.3d 1211, 1213 (8th Cir. 1997) ("When a motion would be dispositive of the merits of the cause if granted, courts should normally not

---

[1] Fed. R. Civ. P. 56(e) allows for the possibility a party may fail to respond to another party's assertion of fact. In this situation, the court may consider the fact undisputed or may "grant summary judgment if . . . the *movant is entitled to it*[.]" Fed. R. Civ. P. 56(e) (emphasis added). The court must still determine whether summary judgment is appropriate regardless of whether the adverse party failed to respond. One Parcel of Real Prop., 27 F.3d at 329 n. 1.

2

treat a failure to respond to the motion as conclusive."); Soliman, 412 F.3d at 922 (determining whether summary judgment was appropriate on the merits despite plaintiff's failure to respond to defendant's summary judgment motion).

The court need not reach the merits of defendants' summary judgment motions and declines to do so. Unlike the majority of cases where the district court resolved a summary judgment motion on the merits despite plaintiff's failure to respond, here, the court advised Mr. Johnson of his obligation to respond and *ordered* him to show cause.[2] Thus, the court finds Mr. Johnson's nonresponsiveness particularly egregious.

"A district court has discretion to dismiss an action under [Fed. R. Civ. P. 41(b)] for a plaintiff's failure to prosecute, or to comply with Federal Rules of Civil Procedure or any court order." Henderson v. Renaissance Grand Hotel, 267 Fed. Appx. 496, 2008 WL 540172 at *1 (8th Cir. 2008); see also Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (finding a district court may dismiss an action under Rule 41(b) on its own initiative and "without affording notice of its intention to do so or providing an adversary hearing

---

[2]The court had no duty to advise Mr. Johnson of his obligation to respond to defendants' summary judgment motions or motions to dismiss and the procedure for doing so. See Bennett, 295 F.3d at 808 (finding the court did not have an affirmative duty to advise a *pro se* litigant of the date by which he was to respond to a motion for summary judgment); Beck v. Skon, 253 F.3d 330, 333 (8th Cir. 2001) (finding district court was not required to instruct a *pro se* litigant on how to properly respond to a summary judgment motion).

3

before acting[,]" and recognizing a district court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases[]). The court finds dismissal of Mr. Johnson's complaint is appropriate given Mr. Johnson's disregard of the court's show cause order.

In support of its finding, the court notes Mr. Johnson has in the past, despite his *pro se* status, filed responses to defendants' replies regarding various requests. Mr. Johnson filed a motion for injunctive relief and thereafter filed responses to defendants' reply. Mr. Johnson never requested an extension of time to respond to either defendants' summary judgment motions or motions to dismiss, or the court's show cause order.[3] Given Mr. Johnson's conduct, the court finds Mr. Johnson has the capacity to litigate his lawsuit. Dismissal is an appropriate sanction given Mr. Johnson's noncompliance with the show cause order.

The court next must determine whether the dismissal of Mr. Johnson's complaint should be with or without prejudice. "Dismissal with prejudice is an extreme sanction and should be used in cases of willful disobedience of a court order or continued persistent failure to prosecute a complaint." Givens v. A.H. Robins Co., Inc., 751 F.2d 261, 263 (8th Cir. 1984). Based on the procedural history of this case and Mr. Johnson's failure to respond to the

---

[3]Mr. Johnson did file a motion for extension of time for discovery, further demonstrating his knowledge of the availability of extending the time frame to comply with the court's orders.

4

court's show cause order, the court finds it appropriate to dismiss the complaint with prejudice. Accordingly, pursuant to Rule 41(b) and the court's inherent authority, it is hereby

ORDERED that Mr. Johnson's complaint (Docket 1) is dismissed with prejudice.

IT IS FURTHER ORDERED that defendants' motions for summary judgment (Dockets 54, 59) are denied as moot.

IT IS FURTHER ORDERED that defendants' motions to dismiss moot issues (Dockets 69, 70) are denied as moot.

Dated January 28, 2013.

       BY THE COURT:

       /s/ *Jeffrey L. Viken*
       JEFFREY L. VIKEN
       CHIEF JUDGE